**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JAMES ROGERS,

                                       Plaintiff,

- v -                                       Civ. No. 9:07-CV-668
                                                                     (LEK/RFT)

LAIRD, *Deputy, Cayuga County Jail*,

                                        Defendant.
_____

**APPEARANCES:**                                **OF COUNSEL:**

JAMES ROGERS
Plaintiff, *Pro Se*
07-B-2019
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, N.Y. 14556

FRANK W. MILLER, ESQ.
Attorney for Defendant
6575 Kirkville Road
East Syracuse, N.Y. 13057

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      *Pro se* Plaintiff James Rogers brings this civil rights claim pursuant to 42 U.S.C. § 1983 alleging that his Eighth Amendment rights were violated when he was denied the opportunity to use the lavatory and as a consequence wet himself. Dkt. No. 1, Compl. at pp. 4-5. The Defendant now moves for Summary Judgment (Dkt. No. 9), to which Plaintiff has not responded. For the reasons that follow, it is recommended that the Defendant's Motion be **granted**.

**I. BACKGROUND**

      The following facts were derived mainly from the Defendant's Statement of Material Facts,

submitted in accordance with N.D.N.Y.L.R. 7.1, which were not countered nor opposed by Plaintiff. *See* N.D.N.Y.L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." (emphasis in original)). Plaintiff was given two extensions in order to file a response to Defendant's Motion. *See* Dkt. Nos. 11 & 13. Plaintiff was warned that "**failure to oppose Defendant's Motion will result in this Court accepting the facts set forth by Defendant as true**." Dkt. No. 13, Order at p. 3 (citing N.D.N.Y.L.R. 7.1(a)(3)) (emphasis in original). Plaintiff was ordered to respond to Defendant's Motion by January 28, 2008, which to date he has not done.

Plaintiff alleges that on or about April 11, 2007, he and nine other inmates were transported by the Cayuga County Sheriff's Department to court hearings at the City Court in the City of Auburn, New York, which is located approximately four miles from the Cayuga County Jail. Dkt. No. 9-9, Def.'s 7.1 Statement at ¶ 2. According to jail records, the group of inmates departed at approximately 11:12 a.m., and returned at approximately 2:05 p.m. *Id*. at ¶ 3. Thus, the entire trip lasted approximately 2 hours and 53 minutes. *Id*. Shortly after arriving at the City of Auburn Court, Plaintiff asked to go to the restroom. *Id*. at ¶ 4. Defendant Deputy Laird denied Plaintiff's request because there were no additional officers present, which was necessary to accommodate Plaintiff's request. *Id*. at ¶ 5. A short time later, Plaintiff again requested to go to the bathroom and was again denied for the same reason. *Id*. at ¶ 6. Soon thereafter, slightly more than an hour after leaving the jail, Plaintiff urinated on himself. *Id*. at ¶ 7. Plaintiff was denied bathroom privileges for approximately one-half hour to one hour. *Id*. at ¶ 8.

Plaintiff alleges that he was humiliated and forced to sit in his own urine during his court proceeding for approximately an hour and a half, suffering emotional distress as a consequence.

Compl. at ¶ 6. Plaintiff further alleges that Defendant Laird called him a "nigger" underneath his breath. *Id*.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on "mere allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed

allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) and *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B. Failure to Exhaust

The Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997(e)(a), states that "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

The Cayuga County Jail has an inmate grievance procedure that is explained in § 138 of the Inmate Handbook, which is distributed to each inmate who is admitted into the facility. Dkt. No. 9-11, Jeff Franceschelli, Sergeant in the Cayuga County Jail, Aff., dated Aug. 29, 2007, at ¶¶ 3-4 & Ex. A, Inmate Handbook at §§ 138.1-138.3. First, an inmate must attempt to informally resolve his complaint with the Housing Unit Deputy. Franceschelli Aff., Ex. A, Inmate Handbook at §§ 138.1-138.3. Then, if the informal resolution is unsuccessful, the inmate must petition the Shift Sergeant who will then review the complaint, interview the inmate, and give him an answer at the time of the interview. *Id*. If unsatisfied with the answer, the inmate must fill out a formal grievance form and give it to a Housing Unit Deputy within five days of the act or occurrence leading to the grievance, who will give it to the Grievance Coordinator. *Id*. The decision of the Grievance Coordinator may be appealed to the Corrections Facility Administrator, whose decision in turn may be appealed to the State Commission of Correction to render a final decision. *Id*.

The record indicates that Plaintiff received a copy of the Inmate Handbook upon his admission into Cayuga County Jail. Franceschelli Aff. at ¶ 5. There is no record of Plaintiff filing a request for a grievance form, nor any written complaint or grievance of any kind with respect to the incident giving rise to his claim. *Id*. at ¶¶ 7-8. Although Plaintiff states in his Complaint that his request to fill out a grievance form was denied, there is no evidence on the record to substantiate that conclusory claim. Compl. at ¶ 4. In the absence of any facts proffered in opposition, we must conclude that Plaintiff failed to employ the grievance procedure available to him. *See Young v. Corbin*, 889 F. Supp. 582, 584 (N.D.N.Y. 1995) (stating the non-moving party in a motion for

summary judgment "must come forward with specific facts showing that there is a genuine issue for trial" once the moving party has made a *prima facie* showing that no triable issues of fact exist) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)).

Thus, because Plaintiff has not exhausted his claim as required by the PLRA, it is recommended that his Complaint be dismissed, and the Defendant's Motion for Summary Judgment be **granted**.

### C. Eighth Amendment Claim

Even assuming, *arguendo*, that Plaintiff properly exhausted his claim, his allegations do not rise to the level of an Eighth Amendment violation. The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)). The Eighth Amendment is violated only by those deprivations which deny "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions of confinement rise to the level of an Eighth Amendment violation only when extreme deprivations are imposed. *Hudson v. McMillian*, 503 U.S. 1 (1992).

The record in this case shows that the trip to the courthouse and back took less than three hours total. *See* Franceschelli Aff., Ex. B, Transport Unit Rec., dated Apr. 4, 2007. Furthermore, shortly after Plaintiff wet himself, arrangements were made for him to go to the bathroom and further relieve himself. Dkt. No. 9-10, John Laird, Corr. Officer, Aff., dated Aug. 30, 2007, at ¶ 12. Upon returning to Cayuga County Jail, Plaintiff was allowed to bathe and change his clothes. *Id*. at ¶ 17.

The temporary deprivation of restroom privileges for a three hour period does not constitute an extreme deprivation of life's necessities. *Bourdon v. Roney*, 2003 WL 21058177, at *10-11 (N.D.N.Y. Mar. 6, 2003) (three hours without bathroom privileges is not a denial of the minimal necessities of life). In addition, Plaintiff's embarrassment over his unfortunate situation does not constitute an injury protected by the Eighth Amendment. *See Gill v. Riddick*, 2005 WL 755745, at *16 (N.D.N.Y. Mar. 31, 2005) (stating "the temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation[.]") (quoting *Whitted v. Lazerson,* 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998)). Thus, Plaintiff's claim for relief on that ground must fail.

Finally, with respect to Plaintiff's allegation that he was verbally insulted, it is well settled law in this Circuit that "42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse." *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citing *Alnutt v. Cleary*, 913 F. Supp. 160, 165-66 (W.D.N.Y. 1996)); *Petway v. City of New York*, 2005 WL 2137805, at *3 (E.D.N.Y. Sept. 2, 2005); *Larocco v. N.Y. City Dep't of Corr.*, 2001 WL 1029044, at *5 (S.D.N.Y. Aug. 31, 2001). Thus, "verbal harassment or profanity alone, unaccompanied by an injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Moncrieffe v. Witbeck*, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (quoting *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y. 1998)).

For all these reasons, we recommend that Defendant's Motion for Summary Judgment be **granted**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendant's Motion for Summary Judgment (Dkt. No. 9) be **granted**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  February 8, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge